NO. 12-05-00225-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

§

IN RE: RICHARD F. GERRY,                         §     ORIGINAL PROCEEDING
RELATOR
§





OPINION
            Relator Richard F. Gerry seeks a writ of mandamus requiring the Honorable Jack Sinz, Judge
of the County Court at Law, Nacogdoches County, Texas, to vacate the order denying his motion to
substitute counsel and to enter an order granting the motion. We deny the writ.
 
Background
            Richard F. Gerry and Corina M. Gerry are husband and wife. Corina filed for divorce on
October 24, 2003. Through his attorney of record, Richard filed an answer and an original
counterpetition for divorce. Richard then filed a motion to substitute as his attorney of record Robert
Alderman of the law firm of Zeleskey, Cornelius, Hallmark, Roper & Hicks, L.L.P. (the “Zeleskey
firm”). Corina filed an objection and response in which she asserted that the Zeleskey firm had a
conflict of interest and should be disqualified from representing Richard in the divorce. More
particularly, she alleged that, prior to filing the divorce, she met with an attorney at the Zeleskey firm
to discuss possible legal representation in the divorce and divulged confidential information during
the meeting. 
            At a hearing on the matter, Amy Long testified that a time sheet entry showed she met with
Corina for .7 hour (42 minutes) in September 2003 in the Zeleskey firm offices. At the time, she was
a new associate with the Zeleskey firm. Long specifically recalled that Corina came in to talk about
a divorce. She remembered that, during their meeting, Corina asked about filing the divorce in
another state and also remembered that Corina said her husband had been in jail. Long could not
recall any other details about their conversation, but stated that she left Corina with the impression
that she should call back if she wanted the firm to represent her. When asked whether Corina could
have shared other facts with her that she did not recall, Long answered, “I’m sure she could have.” 
She also stated it was “entirely possible” that Corina provided her with confidential information
during their meeting. Long testified that she did not recall getting any documents from Corina and
did not have any documents. 
            According to Corina, she and Long discussed facts and issues related to Corina’s divorce. 
When asked to generally describe what she told Long, Corina replied, “Well, I explained the facts of
the case up to that point for myself that were relevant[,] and I provided her with documents that I had,
letters my husband had written and things of that nature and promise[s] that were made. Just anything
that was relevant up to that point.” She stated that she thought someone from the Zeleskey firm
“would be getting back” to her about representing her. Corina had no further communication with
anyone from the Zeleskey firm and was represented by other counsel in the divorce.
            Respondent denied Richard’s motion to substitute counsel by order dated April 22, 2005. On
June 21, 2005, Respondent signed an order nunc pro tunc, which stated that Richard’s motion was
denied “based upon disqualification of said counsel.” This original proceeding followed.
 
Prerequisites to Mandamus
            Mandamus will issue when a trial court commits a clear abuse of discretion for which the
relator has no adequate remedy at law. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). A trial
court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount
to a clear and prejudicial error of law. Id. In order to find an abuse of discretion, the reviewing court
must conclude that the facts and circumstances of the case extinguish any discretion in the matter. 
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 918 (Tex. 1985). A party generally lacks an
adequate appellate remedy if its counsel is disqualified. Mendoza v. Eighth Court of Appeals, 917
S.W.2d 787, 789-90 (Tex. 1996). Therefore, the sole issue before us is whether Respondent abused
his discretion in disqualifying Alderman.
 
 
Abuse of Discretion
            “Without prior consent, a lawyer who has formerly represented a client in a matter shall not
thereafter represent another person in a matter adverse to the former client: . . . (3) if it is the same 
. . . matter.” Tex. Disciplinary R. Prof’l Conduct 1.09(a)(3),  reprinted in Tex. Gov’t Code Ann., tit.
2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9). “The ‘same matter’ aspect of this
prohibition prevents a lawyer from switching sides and representing a party whose interests are
adverse to a person who disclosed confidences to the lawyer while seeking in good faith to retain the
lawyer.” Id. 1.09 cmt. 4A. “When lawyers are or have become members of or associated with a firm,
none of them shall knowingly represent a client if any one of them practicing alone would be
prohibited from doing so by paragraph (a).” Id. 1.09(b). 
            “Confidential information” includes both “privileged information” and “unprivileged client
information.” Id. 1.05(a). “Privileged information” includes the information of a client protected by
the attorney-client privilege of Texas Rule of Evidence 503. Id. “Unprivileged client information”
means all information relating to a client or furnished by the client, other than privileged information,
acquired by the attorney during the course of or by reason of the representation of the client. Id. The
term “client” includes one who consults an attorney with a view to obtaining professional legal
services from that attorney. Tex. R. Evid. 503(a)(1). 
            Richard concedes that meeting with a prospective client is a ground for disqualification where
the prospective client shares confidential information or an attorney-client relationship is created. It
is undisputed that no attorney-client relationship arose from Corina’s meeting with Long. Therefore,
the issue before trial court was whether Corina shared confidential information during the meeting. 
Richard contends that the evidence does not support Respondent’s conclusion that Corina shared
confidential information with Long.


 Therefore, Richard concludes, Respondent abused his discretion
by concluding that Alderman was disqualified and denying the motion to substitute Alderman as his
counsel. We disagree.
            Corina consulted with Long about possible legal representation in a divorce action, and
Richard now seeks to hire Alderman in the same case. Both Long and Alderman are attorneys with
the Zeleskey firm. Consequently, Alderman cannot represent Richard if Long received confidential
information from Corina during their September 2003 meeting. 
            Long testified that her meeting with Corina lasted .7 hour. Corina testified that, during the
meeting, she related anything relevant to the issues in the case and provided documents and letters
to someone at the Zeleskey firm for copying. Long remembered little of what she and Corina
discussed during their meeting and admitted that Corina could have shared facts relating to the case
that she did not recall. Long also admitted it was “entirely possible” that Corina could have provided
her with confidential information. Long further testified that she had no personal knowledge of
Corina’s giving documents to anyone at the Zeleskey firm, but could not categorically refute Corina’s
assertion. From this testimony, Respondent reasonably could have concluded that Corina divulged
confidential information during her meeting with Long. Thus, Respondent did not abuse his
discretion in denying Richard’s motion to substitute counsel. Accordingly, Richard’s petition for writ
of mandamus is denied.
 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
 
 
Opinion delivered October 19, 2005.
Panel consisted of Worthen, C.J.,Griffith, J. and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
(PUBLISH)